**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KRISNA JULIEK HAYLOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-432** |
| **CARLOS RAFAEL EBANKS, JR.** | **SECTION: "S" (4)** |

**ORDER**

On April 30, 2013, the presiding U.S. District Judge issued an Order granting an award of reasonable attorney's fees to Plaintiff, Krisna Juliek Haylock, ("Haylock") against Defendant, Carlos Rafael Ebanks, Jr., ("Ebanks") (R. Doc. 13). The presiding U.S. District Judge referred the matter to the undersigned to determine the reasonableness of Plaintiff's fee application.[1]

Now before the Court is Haylock's **Motion to Determine Amount of Attorney's Fees, Court Costs, and Transportation Costs (R. Doc. 16)**, in which Haylock seeks an award of reasonable attorney's fees, court costs and transportation. Ebanks has opposed the motion (R. Doc. 18); Haylock filed a Reply Memorandum (R. Doc. 21), which Ebanks filed a supplemental memorandum in opposition. (R. Doc. 22). The motion was heard on the briefs.

The fee application submitted by Haylock seeks to recover $19,066.31 in attorney's fees, court costs and transportation costs from Ebanks. (R. Doc. 16, p. 2).

**I. Background**

This matter arose out of an April 15, 2013, bench trial on Plaintiff's petition for the return

[1] *See* R. Doc. 14, Judgment in favor of Krisna Juliek Haylock.

of her minor son, S.C.E., to Honduras. (R. Doc. 13). Both Haylock and Ebanks are Honduran nationals and citizens of the United States of America. *Id.* The couple, married in Honduras, and moved to Tampa, Florida. One child was born of the marriage, S.C.E., on November 1, 2001. *Id.* The child has dual citizenship in the United States and Honduras. *Id.*

After the child's birth, the couple returned to Honduras. Shortly thereafter, Ebanks left the family home to find work in New Orleans, Louisiana. *Id.* He never returned. *Id.* He now lives in in Covington, Louisiana with his new wife and other children. *Id.*

In 2005, the couple was issued a judgment of divorce. This judgment however, did not address child custody. *Id.* S.C.E. has continually lived with Haylock or Haylock's mother in Honduras, except for a period from 2005 to 2007, when he lived in Tampa, Florida, with Haylock. On November 1, 2012, Ebanks signed a notarized statement permitting a family friend to accompany S.C.E. to the United States for a visit, but would return to Honduras prior to the beginning of the school year in February 2013. *Id.* Approximately one week after S.C.E.'s arrival in Covington, Louisiana, Ebanks informed Haylock that he had enrolled S.C.E. in school in St. Tammany Parish, and would not be returning him to Honduras.

On March 7, 2013, Haylock filed a petition in this Court, seeking S.C.E.'s return to Honduras under the Hague Convention on the Civil Aspects of International Child Abduction, 25 Oct. 1980, T.I.A.S. No. 11,670, 19 I.L.M. 1501 (the "Convention"), implemented in the United States by the International Child Custody Abduction Remedies Act, 42 U.S.C. §§ 11601-11611 ("ICARA"). Haylock argued that she had been exercising custody rights and that because S.C.E.'s habitual residence has been Honduras, she is entitled to an order requiring Ebanks to return S.C.E. to Honduras. *Id.* Ebanks also filed a petition for custody in the Twenty-Fourth Judicial District Court,

Parish of Jefferson, Louisiana. On April 30, 2013, this Court granted Haylock's custody petition, and awarded Haylock reasonable attorneys' fees, court costs and transportation costs related to the return of S.C.E. to Honduras. *Id.*

As ordered Haylock filed the instant motion before the undersigned to determine the reasonableness of her fee petition. (R. Doc. 16).

## II. **Choice of Law for Assessing Reasonableness of the Award**

This action was instituted under the International Child Custody Abduction Remedies Act, pursuant to 42 U.S.C. §§ 11601-11611, hereinafter ("the Act"). The Act provides that the following costs may be awarded in civil actions brought pursuant to this act:

> (b) Costs incurred in civil actions
>
> (1) Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3).
>
> (2) Subject to paragraph (3), legal fees or court costs incurred in connection with action brought under section 11603 of this title shall be borne by petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs.
>
> (3) Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b).

As set forth in full above, this statute sets forth a fee-shifting provision that Courts ordering children returned "generally must require defendants to pay various expenses incurred by the plaintiffs, including court costs, legal fees and transportation costs associated with the return of the

children." *Id. See also Chafin v. Chafin,* __ U.S. __, 133 S.Ct. 1017, 1022 (2013). When an award of court costs, legal fees and transportation costs is appropriate courts typically use federal law. *Chaffin,* at 1022; *Cueller v. Joyce,* 603 F.3d 1142 (9th Cir. 2010); *Wasniewski v. Grzelak-Johannsen,* 549 F. Supp. 2d 965 (N.D. Ohio 2008); *Aldinger v. Segler,* 338 F. Supp. 2d 296, *aff'd* 157 Fed. App'x 317, 2005 WL 3116540 (D. P.R. 2004); *Freier v. Freier,* 985 F. Supp. 710 (E. D. Mich. 1997) (all noticing the "lodestar" calculation method).

## III. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Cueller,* 603 F.3d 1142; *Wasniewski,* 549 F. Supp. 2d 965; *Aldinger,* 157 Fed. App'x 317, 2005 WL 3116540 (D. P.R. 2004); *Freier,* 985 F. Supp. 710 (all noticing the "lodestar" method). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington*

---

[2]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

*v. Dague*, 505 U.S. 557, 562 (1992)).

## IV. Analysis

### A. Calculating a Reasonable Rate

The fee application submitted by Haylock seeks to recover fees from two attorneys who it claims works on the case. These attorneys are Michael D. Conroy, ("Conroy"), who practices in Covington, Louisiana, at the offices of "Michael D. Conroy PLC;" and Cesar Gonzalez Icaza, ("Gonzalez"), who practices in Roatan Bay, Honduras, at the offices of "Roatan Lawyers." (R. Doc. 16-1). Stephen Conroy, Christie Marks, and Haylock have submitted affidavits in support of this motion. (R. Doc. 26).

Stephen Conroy and Christie Marks' affidavits state that they have known Conroy for 56 years, and 19 years, respectfully. *Id.* Both affidavits state that Conroy has been practicing law for approximately 30 years, and is a "Board Certified Family Law Specialist" by the Louisiana Board of Legal Specialization. *Id.* Both attest that Conroy has been billing at $250.00 rate per hour for the last several years, and based on his expertise in the area, believe that this rate is reasonable. *Id.* at 4-8. The billing sheets which have been submitted indicate that "Michael Conroy" billed at a rate of $250.00 per hour. (R. Doc. 26-1).

Haylock's affidavit states that she has known Gonzalez for approximately four years, and that she knows he has been practicing law for approximately eight years. (R. Doc. 26, p. 7). She also states that Gonzalez is a member of the Colegio de Abogasos de Honduras, the Honduran Bar Association. *Id.* She states that the Honduran Bar Association does not have a Board Certification program, but Gonzalez has a reputation for prestige as a Family Attorney. *Id.* She also stated that based on her own personal knowledge and experience, an hourly rate for an attorney "with the

knowledge and credentials of [ ]Gonzalez [range] between $200.00 to $300.00." *Id.* Therefore, she believes that Gonzalez's hourly rate of $200.00 is reasonable. *Id.*

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). Such a request is reasonable if it falls within the "range" of reasonable fees awarded. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439, n.15.

Conroy provided two affidavits establishing that his hourly rate of $250.00 is reasonable based on his years of experience and background. (R. Doc. 16-1, p. 5) However, Gonzalez failed to provide an affidavit of his education, background and experience as ordered by this Court on August 5, 2013. (R. Doc. 25) Although Haylock submitted an affidavit attesting to her belief of Haylock's background and the reasonableness of his fee, no affidavit of a disinterested attorney in this matter who could have attested to Gonzalez's position or his prestige at his law firm was attached. Even though Haylock's affidavit states that Gonzalez has a reputation of prestige in family law, Gonzalez provides no further support besides the affidavit of Haylock. Because the mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate, the Court finds

Gonzalez's fee unreasonable, and unrecoverable for these reasons. *Hensley*, 461 U.S. at 439, n.15. *See also Sanders v. Washington Mutual Home Loans, Inc.*, Nos. 05-2166, 06-1996, 2009 WL 365683, at *7 (E.D. La. Feb. 10, 2009).

**1. Conroy's Rate**

Ebanks does not oppose Conroy's proposed hourly rate of $250.00 per hour. (R. Docs. 17, 24). Where an "attorney's rate . . . is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that given Conroy's demonstrated professional qualifications and 30 years of experience, his requested rate is reasonable. *Prime Insurance Syndicate, Inc. v. Jefferson*, 547 F. Supp. 2d 568, 579 (E.D. La. 2008) (awarding attorney with 25 years of experience rate of $265 per hour); *Combe v. Life Insurance Co.*, No. 06-8900, 2008 WL 544547, at *3 (E.D. La. June 5, 2006), *rev'd on other grounds*, 334 F. App'x 596 (5th Cir. 2009) (finding that rate of $250 for attorney with twenty years' experience and particularized expertise was reasonable); *Hebert v. Jefferson Parish School Board*, No. 10-2904, 2012 WL 1014997, at *2 (E.D. La. Mar. 21, 2012) (finding that rate of $295 per hour was appropriate for attorney with eighteen years of experience).

**2. Amanda D. Hogue's Entries**

Conroy's verified report of attorney's fees also requests fees for Amanda D. Hogue, an attorney at "Conroy Law Firm, PLC" who is not enrolled in this matter. (R. Doc. 16, p. 2). None of the affidavits provide that Ms. Hogue is an attorney in this case, or provide any other specific indication of the qualifications, experience, or any special skills Ms. Hogue has to determine whether or not her proposed rate of $125.00-$150.00 per hour is reasonable. Therefore, the reasonableness of the rates listed for Ms. Hogue are disallowed for failing to present evidence substantiating her background, education and experience. Accordingly, the Court finds that the five

hours Ms. Hogue billed is unrecoverable for the reasons set forth above.

**B. Calculation of the Fee Award**

The fee application submitted Haylock seeks to recover $10,203.80 in attorney fees; $4,800.00 for approximately 16 hour and 30 minutes by Conroy, and 5 hours by Hogue; and $5,403.80 for 20 hours by Gonzalez. (R. Doc. 16-1, p. 4). After careful consideration of the billing entries on both parties fee applications, the Court finds that they are not reasonable as stated; as such, the next issue is how to calculate a reasonable rate. To that end, the Court may either conduct a line-by-line analysis of the bill submitted, or else reduce the award by a reasonable percentage.

In support of their motion, Haylock produced a verified report of attorney fees from Conroy Law Firm for Conroy's fees, and an invoice from Roatan Lawyers for Gonzalez's fees. (R. Doc. 16-1, p. 3-5). The affidavits of Christie Marks, Haylock and Stephen Conroy also discuss the particular issues involved in several of the aspects of this case. (R. Doc. 26).

Given the fact that Haylock has submitted an itemized list of billable entries, as well as the fact that these entries are reasonably delineated, the Court will conduct a line-by-line analysis of the bill in question to determine whether it is reasonable.

**C. Analysis of Remaining Entries**

The Court sorts Haylock's entries into the following categories: (a) vague entries, (b) irrelevant entries and (c) block billed entries. The Court now proceeds with determining the reasonable fee among the entries of these four categories, as well as all remaining entries which are otherwise reasonable.

**1. Vague Entries[3]**

[3] Where an entry is both vague and block billed, the entry will be considered under the block billing category.

Haylock's fee application contains numerous entries for which the Court cannot reasonably verify the time requested is appropriate for the task performed. "It is well settled that supporting documentation for attorney's fees must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that the billing is reasonable." *Yelton v. PHI, Inc.*, No. 09-3144, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012) (internal quotations omitted).[4] Litigants who submit vague fee applications "take their chances" that those entries will be disallowed. *League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228, 1233 (5th Cir. 1997) (citing *Louisiana Power & Light*, 50 F.3d at 327).

For example, other courts have found that descriptions such as "legal issues," "conference re: all aspects," and "call re: status" are vague descriptions. *See In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989); *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 706 (E.D. La. 2001). "[T]he district court has broad discretion to exclude or reduce the entries that are vague." *Walker v. City of Mesquite, Texas*, 313 F.3d 246, 252 (5th Cir. 2002).

In this case, upon review of Haylock's fee application, the Court finds a number of entries produced by Conroy Law Firm to be vague. In particular, the Court finds that there are several entries in question that refer to emails being reviewed, but do not reference the recipient, sender or subject of the email. (R. Doc. 16-1, p. 2). There are also a number of entries that do not state with specificity what pleading is being revised, but indicate that Conroy "revise[d] pleadings" or that Conroy "prepared findings of fact and conclusions of law." *Id.* [5]

---

[4]Additional case numbers for *Yelton* were Nos. 09-3475, 09-3551, 09-3459, 09-3814, 09-3496, 09-3847, 09-4197, 09-4182, 09-4350, 10-0008, and 10-1328.

[5] *See* R. Doc. 16-1, p. 3-4 (2/13/2013, 0:12, "review emails"); (2/15/2013, 0:36, "prepare pleadings for federal court"); (2/28/2013, 0:15, "revise pleadings"); (3/25/2013, 0:24, "review emails from client"); (4/5/2013, 0:15, "telephone client"); (4/9/2013, 1:00, "prepare findings of fact and conclusions of law).

Conroy does not provide reasons why it was unable to provide more detailed descriptions regarding these entries. Although most of the "vague" entries appear to be connected to matters in this case, the billing entries do not specify with absolute certainty what is actually being billed. Therefore, because some of Conroy's entries are vague, the Court finds awarding the full amount of these entries for Conroy would be unreasonable. As such, the Court exercises its discretion and awards Conroy 50% of the total time requested in connection with these vague entries. *See Yelton*, 2012 WL 3441826, at *8 (reducing vague entries by 50%). Conroy submitted 2 hours and 42 minutes of vague entries to the Court. Accordingly, the Court awards Conroy 1 hour and 21 minutes for these entries, totaling $337.50.

**2. Block Billed Entries**

The fee application submitted by Haylock contains a number of entries which are viewed as "block billing." This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n.9 (10th Cir.1998). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each *task*." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009)

6, 2009) (emphasis added). *See also Yelton*, 2012 WL 3441826, at *8; *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09-3822, 2010 WL 2773208, at *8-9 (E.D. La. July 13, 2010). While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n.12. The method most often used to compensate for block billing is a flat reduction

of a specific percentage from the award. *See, e.g.*, *Canon*, 2009 WL 35334, at *5 (citing cases).

The Court notes that Conroy's fee reports / invoices contain block billing. Because these entries can be segregated, however, the Court finds that the appropriate resolution is to decrease the total entries which block billing occurred by a percentage. In this case, given the frequency of the "block billed" entries, the Court reduces the value of all block billed entries for block billed entries for Conroy by 30%. *See, e.g.*, *Verizon Business Global LLC v. Hagan*, No. 07-0415, 2010 WL 5056021, at *5 (E.D. La. Oct. 22, 2010) (citing cases showing that reductions for block billing between 15% and 35% have been found reasonable), *vacated on other grounds*, 467 F. App'x 312, 2012 WL 1414448 (5th Cir. Apr. 24, 2012).[6]

Accordingly, Conroy block-billed nine hours (9) and twenty-four (24) minutes, totaling $2,350.00. The Court finds a 30% reduction appropriate, awarding Conroy $1,645.00.

**3. Remaining entries**

Of those entries which were not (a) vague, (b) irrelevant or (c) block-billed, they total four (4) hours and twenty-four (24) minutes, totaling $1,100.00.[7] Adding these hours to the reduced amounts allotted to Conroy and Gonzalez's vague, irrelevant and block billed entries results in the following calculations:

| Billing Attorney | Hourly Rate [8] | Time Submitted | Fee |
|---|---|---|---|

[6]*See* R. Doc. 16-1, p. 3-5. (2/14/2013 - 1:15 - Review federal and state cases and Hague Convention); (2/17/2013 - 1:30 - Review documents and case law in federal and state court, review St. Tammany Clerk of Court on line for pleadings); (2/18/2013 - 3:15 - prepare pleadings email co-counsel); (2/19/2013 - 1:00 - email from client, telephone client, revise pleading, email co-counsel); (2/20/2013 - revise pleading, email client); (4/14/2013 - 2:00 - conference client).

[7]*See* R. Doc. 16-1, p. 3-5. (2/19/2013 - 0:15 - emails client re finalizing pleading); (2/22/2013 - 0:09 - emails with client re final revisions); (4/15/2013 - 4:00 - attend hearing on hague convention).

[8]The first number indicates the rate that was submitted to the Court by the attorney. The second number indicates the rate for which the Court found was reasonable.

| | | | | |
|---|---|---|---|---|
| Michael Conroy | $250.00 | $250.00 | 16 hours, 30 min[9] | $3,082.50 |
| Amanda Hague | $125-150 | – n/a | 5 hours | $0.00 |
| Cesar Gonzalez | $250.00 | $200.00 | 20 hours | $0.00[10] |
| | | | **TOTAL:** | $3082.50 |

**C. Transportation Costs and Court Costs**

**1. Transportation Costs**

**a. Haylock and S.C.E. Transportation Costs**

In support of its Motion, Haylock argues that in addition to attorney's fees as ordered by the presiding District Judge, it is entitled to "court costs and transportation costs related to the return of S.C.E. to Honduras." (R. Doc. 16-1, R. Doc. 14).

The ICARA provides that any court ordering the return of a child pursuant to "an action brought under the [ICARA] shall order the respondent to pay . . . [among other things] transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." *See Paulus ex. rel. P.F.V. v. Cordero,* 2013 WL 432769, at *2 (M.D. Pa. Feb. 1, 2013); *see also* 42 U.S.C. § 11607(b)(3). The purpose of shifting expenses to the abductor is both to restore the applicant to the financial position he or she would have been if there had been no removal or retention, and to deter such conduct from happening in the first place. *Paulus,* at *2; *citing* 51 Fed. Reg. 10494–01, 10511.

[9]This value includes 2 hours and 42 minutes of vague entries submitted to the Court, that were reduced to 1 hour and 21 minutes, totaling $337.50; 9 hours and 24 minutes of block-billed entries submitted to the Court, totaling $2350.00, that was reduced by 30% to $1645.00, and 4 hours and 24 minutes that had no issue, totaling $1,100.00. Combined, these values total $3,082.50.

[10]This value includes 20 block-billed, vague hours initially billed at $250.00 per hour, as well as the vague and block-billed translation charge, originally submitted as $403.80. The Court completely disallowed these charges for the Petitioner's failure to properly submit documentation attesting to the background, education and experience of Gonzalez.

Haylock requests reimbursement for the transportation costs, including airfare, hotel costs and travel expenses of Haylock and S.C.E., totaling $4,079.32.[11] Ebanks does not contest the majority of the documented fees in his initial opposition memorandum, however, he did oppose $2,028.45, worth of Haylock's expenses that were not documented in the her initial motion. (R. Docs. 17, 24). Haylock promptly filed a reply to the opposition which provided several receipts for hotel, rental car fees and for charges that were not discernable by the Court, as the documents were not legible. (R. Doc. 21-1, p 1-14).

Federal courts typically award successful ICARA petitioners "airfare incurred in traveling to and from the United States to appear in court." *Paulus*, at *4. *See, e.g., Freier v. Freier*, 985 F. Supp. 710, 714 (E.D. Mich.1997) (awarding $2,422.00 for Petitioner's round trip and minor child's one-way airfare); *Guaragno v. Guaragno*, No. 09–CV–187, 2010 WL 5564628, at * 5 (N.D. Tex. Oct. 19, 2010), aff'd, 2011 WL 108946 (N.D. Tex. Jan.18, 2011). Furthermore, federal courts have also awarded expenses that were "reasonable and necessary" for a petitioner to participate in the ICARA proceeding and "pick up" the child. *See e.g., id. See also* 42 U.S.C. § 11607(b)(3) (including "transportation costs related to the return of the child" among "necessary expenses incurred by or on behalf of the petitioner"); *see Guaragno,* 2010 WL 5564628, at * 5 (N.D.Tex. Oct. 19, 2010), *aff'd*, 2011 WL 108946 (N.D.Tex. Jan.18, 2011) (finding that the costs for two flights-one for trial and one for pickup of child-were "reasonable and necessarily incurred"); *Salinier v. Moore*, 2010

---

[11] Haylock submitted the following receipts:

| | |
|---|---|
| 04/11/13: | 728.50 airfare |
| 05/01/13: | 594.20 airfare S.C.E. |
| 05/01/13: | 594.20 airfare Haylock |
| 05/02/13: | 449.40 airfare Haylock |
| 05/01/13: | 278.90 airfare S.C.E. |
| 4/11/13-4/20:13 | 623.93 car rental Haylock |
| 4/11/13-4/20:13 | 810.19 hotel bill Haylock |

WL 3515699, at *4 (D. Colo. Sept., 1, 2010) (finding that travel and lodging expenses for petitioner's parents is clearly inappropriate, but that costs associated with Petitioner's wife's travel, including travel and lodging expenses, who also testified at the hearing, was appropriate).

Haylock submitted several receipts to the Court for the airfare, hotel room and travel expenses associated with her ICARA claim. *See* n. 11, *supra*. Several of these receipts however, do not match the amount she requested in her original motion to determine amount of attorney fees, court costs and transportation costs, as the amounts requested were for more than the documented totals. (R. Doc. 16)[12] Furthermore, there are several requested amounts for which Haylock has not provided any documentation, for which the Court disallows, such as $500.00 for food, and several undocumented airfare charges.[13] Therefore, the Court finds that the appropriate award for transportation costs as it pertains to Haylock and S.C.E., totals $4,079.32.

**b. <u>Tammy Haylock Moore Costs</u>**

In support of its motion, Haylock seeks reimbursement for Tammy Haylock Moore's ("Tammy") flight from New Orleans Louisiana, to Orlando, Florida, to accompany S.C.E., as Haylock herself was unable to travel to obtain the child. (R. Doc. 19-2). In opposition, Ebanks argues that this expense was unnecessary, as the child was being "released to her local attorney, Mr. Conroy, from the child's school," and Tammy was not required to facilitate the transportation. (R.

---

[12] In Haylock's Motion for Attorney Fees, she requests the following amounts for her airfare:
4/11/13: $751.64, but documentation only showed $728.50
5/02/13: $480.80, but documentation only showed $449.40

[13] Haylock failed to submit documentation for the following charges:
4/20/13: 87.00 no description, no documentation
5/04/13: 87.00 no description, no documentation
5/04/13: 45.00 no description, no documentation
4/11/13 - 4/20/13: food for Haylock, no documentation

Doc. 24).

As set forth above, a petitioner may be awarded reasonable expenses that are necessary to facilitate the return of the child after an ICARA proceeding, unless the opposing party can establish that such award would be "clearly inappropriate." *See* 42 U.S.C. § 11607(b)(3); *Guaragno*, at *5; *Freier*, 985 F. Supp. at 714. Although Ebanks argues that reimbursing Tammy's transportation costs are unreasonable and unnecessary, Courts have awarded expenses to the parent or relative facilitating

the transportation or return of the child. *Paulus*, at *4; *see, e.g.*, *Freier*, 985 F. Supp. at 714; *Guaragno*, at * 5. *See also* 42 U.S.C. § 11607(b)(3) (including "transportation costs related to the return of the child" among "necessary expenses incurred by or on behalf of the petitioner"); *see Aldinger*, 157 Fed. App'x 317, 2005 WL 3116540*;* Neves v. Neves, 637 F. Supp. 2d 322 (W.D. N.C. 2009); *Guaragno*, 2010 WL 5564628, at * 5 (N.D. Tex. Oct. 19, 2010), *aff'd*, 2011 WL 108946 (N.D. Tex. Jan. 18, 2011) (finding that the costs for two flights-one for trial and one for pickup of child-were "reasonable and necessarily incurred").

Although Courts have not required respondent to pay an entire family's transportation costs associated with the return of the child, Courts have permitted the expense of an adult, whether that be petitioner or not, to facilitate the return of the minor child. *See Salinier v. Moore*, 2010 WL 3515699, at *4 (D. Colo. Sept., 1, 2010) (finding that travel and lodging expenses for petitioner's parents is clearly inappropriate, but that costs associated with Petitioner's wife's travel, including travel and lodging expenses, who also testified at the hearing, was appropriate). Therefore, Ebanks's argument that Tammy's accompaniment of S.C.E. to Orlando is "unnecessary and unreasonable" is in error as he would have been required to pay for the transportation of Haylock herself to travel

back to Orlando with minor, S.C.E. Therefore, Ebanks has failed to establish that this expense is clearly inappropriate. Accordingly, the Court finds that reimbursement for Tammy's travel expenses of $557.80, as documented, is granted.

**c. <u>Cesar Gonzalez and Hague Interview Costs</u>**

Haylock seeks to recover approximately $787.41 in airfare costs, $1,121.54 for hotel, food and other travel expenses associated with the trip Cesar Gonzalez made to New Orleans for the ICARA bench trial. (R. Doc. 16-1, p. 2). Haylock also seeks to recover approximately $1,343.00 in fees associated with the "Hague Trip to Guanaya, Bay Islands" for interviews associated with Gonzalez and "Nilla Ramos" a Hague Attorney, "Geraldina" a psychologist and "Silvia" a social worker. *Id.*

Ebanks has opposed reimbursement of the Hague Trip Interviews listed above, and for Gonzalez's expenses related to food, gas and hotel stay during his stay in New Orleans in the amounts of $400.00 for food, $94.33 for Shell gas, and $627.21 for hotel costs, for the failure to provide adequate documentation. (R. Doc. 16-1, p. 2; R. Doc. 19).

After considering both parties arguments, the Court finds that Haylock failed to attach any receipts pertaining to these charges to the motion for attorney fees, nor to her reply memorandum. *Id.* The Court is mindful that Haylock attached some receipts to her reply memorandum after Ebanks's memorandum in opposition stated that she failed to provide documentation, however, the attached receipts are barely legible, and or present unidentifiable information, therefore the Court could not analyze them accordingly. (R. Doc. 19-3, p. 5-9). The Court disallows the above referenced expenses for failure to provide adequate documentation.

As set forth above, Ebanks has opposed the airfare costs and hotel stay of Gonzalez for being

unnecessary because Gonzalez was unnecessary to Haylock's case, as he was not "[her] trial attorney." (R. Doc. 17, p. 3) Rather, Ebanks contends that because Gonzalez only served as a witness, his testimony was not essential to the determination of whether "S.C.E. was wrongfully retained under the Hague Convention," and that this testimony could have been stipulated via affidavit. *Id*.

In its reply to Ebanks's opposition, Haylock contends that Gonzalez was retained in Honduras in connection with the return of her child, therefore the expenses were not only associated with his testimony in Court, but also with his advice as to "[Haylock's] rights of custody under Honduran laws, to support a finding that Respondent was in violation of Article 3 of the ICARA." (R. Doc. 19-2, p. 4).

After considering both parties arguments the Court finds that the airfare of Gonzalez, as evidenced by the receipt attached to the motion for $739.70 is recoverable.[14] Similar to *Distler v. Distler,* attorneys fees and costs were recoverable to foreign counsel who was not Plaintiff's trial attorney in the United States because the foreign counsel had helped to facilitate the return of the child under the ICARA and similar to Gonzalez, had provided legal advice and attested to Petitioner's rights under the Hague Convention. *See Distler,* 26 F. Supp. 2d 723, 728 (D. C. N. J. 1998); *see also Grimer v. Grimer*, No. 93-4086-DES, 1993 WL 545261 (D. Kan. Dec. 8, 1998). Accordingly, the Court finds that Gonzalez's airfare costs are appropriate in the amount of $739.70.

**d. <u>Costs of Process Server and Court</u>**

Haylock argues that she is entitled to reimbursement for the process server charge in the amount of $200.00, and for court costs that are listed as a "to be determined" amount. (R. Doc. 16-

[14] Although Haylock's petition sought to recover $787.41 for Gonzalez's airfare, the documentation only provides charges for $739.70. R. Doc. 19-2

1, p. 2). Ebanks opposes this reimbursement amount arguing that it is unnecessary and unreasonable because Haylock failed to provide adequate documentation of these costs. After considering the parties arguments, the Court disallows the above referenced expenses for failure to provide adequate documentation.

Therefore, the Court finds the following "transportation and costs" recoverable: $4,079.32 for Haylock and S.C.E.'s transportation and airfare expenses, $557.80 for Tammy Haylock Moore's airfare, and $739.70 for Cesar Gonzalez's airfare recoverable.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Determine Amount of Attorney's Fees, Court Costs, and Transportation Costs (R. Doc. 16)** is **GRANTED** in the amount of **$8,459.32**.

**IT IS FURTHER ORDERED** that the Defendant shall satisfy this obligation no later than **20 days** from the signing of this Order.

New Orleans, Louisiana, this 25th day of September 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**